# W. H. V. CRONISE, DEFENDANT IN ERROR, v. J. G. GARGHILL, PLAINTIFF IN ERROR.

JURISDICTION OF CITY RECORDER.—The Recorder of the City of Sacramento has no jurisdiction in cases of forcible entry and unlawful detainer.

APPEARANCE, WHAT WAIVED BY.—The proceedings in this case having been transferred to a magistrate who had jurisdiction, by consent of parties, the appearance of defendant and his consent fixing the time of trial, were a waiver of his right to be brought in by complaint and summons.

PLEADINGS IN FORCIBLE ENTRY AND DETAINER.—In cases of this kind, the Statute does not require an allegation of possession by the plaintiff.

PLEADINGS IN JUSTICES' COURTS.—It is not the policy of the law to confine parties to any nice strictness in pleading, particularly before Justices of the Peace. Accordingly when a party, instead of demurring for informality, goes to trial, it must be considered as cured by the verdict.

WRIT OF ERROR to the County Court of Sacramento County.

This action was originally commenced on the 4th day of May, 1850, before B. F. Washington, Esq., Recorder of the City of Sacramento, by W. H. V. Cronise against J. G. Garghill, under the Statute against Forcible Entries and Unlawful Detainers, to recover possession of a lot in the

---

¹ Lataillade v. Santa Barbara G. Co., 58 Cal. 5.

City of Sacramento, alleged to be unlawfully withheld from the possession of the plaintiff by the defendant, and [121] praying relief in the *premises, and restitution, with damages assessed, according to the provisions of the Statute, in such case made, etc. On the 13th of May, 1850, the defendant appeared and excepted to the jurisdiction of the Recorder. On the 18th of May, on affidavit of defendant that a fair trial could not be had before the Recorder, the proceedings were transferred to the Court of Justice Sackett, and by agreement of parties, the case was set for trial on the 25th day of May. On that day, plaintiff and defendant, by their attorneys, appeared. Defendant first pleaded to the jurisdiction of the Court, which plea was overruled. He then pleaded the general issue, and went to trial. On the 27th day of May, 1850, the Justice entered judgment in favor of the plaintiff for the recovery of the possession of the premises, and $1,350 treble damages under the Statute, and costs of suit. Defendant appealed to the County Court, which, on hearing and argument, affirmed the judgment of the Justice, with ten per cent. damages, costs of suit, and rent from the 31st day of May, 1850, at the rate of $100 per month, with the delivery of the possession of the premises to the plaintiff, and awarded a writ of possession and execution for the damages. Defendant moved the Court for an appeal to the Supreme Court, which was denied, and the plaintiff's attorney placed in possession under the writ. On the 28th of December, 1853, on the petition of defendant, the Supreme Court awarded a writ of error to the County Court, to bring the record and proceedings before this Court for revision. Various errors were assigned, but the only two considered appear in the opinion of the Court.

*J. H. McKune,* for Plaintiff in Error.

*Tod Robinson,* for Defendant in Error.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

This action was commenced under the Statute concerning Forcible Entries and Unlawful Detainers. The suit was instituted before the Recorder of Sacramento City, and afterwards transferred to a Justice of the Peace.

* The grounds of error assigned, are, first, the want     [122] of jurisdiction of the Justice; second, that the complaint does not contain any allegation of the plaintiff's possession.

We decided, in the case of *Burnett et al.* v. *Madden,* that the Recorder of Sacramento City had no jurisdiction in cases of this character. Under that decision, there can be no doubt, if he had proceeded to hear and determine the cause, the judgment would have been a nullity. But the case was transferred to a magistrate having jurisdiction, by consent of the parties.

The appearance of the defendant, and consent fixing the time of trial, were a waiver of his right to be brought in by complaint and summons.

The complaint alleges that the premises "are unlawfully withheld from the plaintiff." The Statute does not require an allegation of possession. The allegation may be somewhat defective, and too general. It is not the policy of the law, however, to confine parties to any nice strictness in pleadings, particularly before Justices of the Peace.

The defendant should have demurred; as he did not do so, but went to trial, we must consider the informality, if any, cured by the verdict.

Judgment affirmed with costs.